IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cr-30034-SMY |
| | ) |
| DARRON L. CHAIRS, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

On October 29, 2020, Defendant Darron L. Chairs was sentenced to 24 months' imprisonment after pleading guilty to being a felon in possession of ammunition (Docs. 38, 43). Chairs is currently housed at Menard Correctional Center on unrelated charges. Now pending before the Court are Chairs' motions to reduce sentence (Docs. 45, 50). Chairs asserts that a 2009 state court conviction was voided in 2023 and that this Court erred when it used the now-voided conviction to enhance his 2020 federal sentence. He moves the Court to resentence him without consideration of the now-void conviction.

Once a district court enters final judgment, it lacks jurisdiction to hear related issues except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). Here, Chairs does not cite any case law or statute that would permit the Court to consider his motion in this closed case. To the extent he seeks relief from his sentence by challenging its validity, that is an issue reserved for collateral attack under 28 U.S.C. § 2255. A petition under 28 U.S.C. § 2255 is "the exclusive remedy" for a federal prisoner raising a direct challenge to the validity of his sentence. *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir.1991); *see also United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007) ("any post-judgment

motion in a criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of section 2255 should be treated as a section 2255 motion").

Accordingly, the motions are **DENIED**.

**IT IS SO ORDERED.**

DATED: February 3, 2025

**STACI M. YANDLE**
**United States District Judge**